UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADA ARGUETA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN AT NORTHWEST DETENTION CENTER ET AL.,<br><br>Respondents. | CASE NO. 2:26-cv-03671-JHC<br><br>ORDER |

This matter comes before the Court on Ada Argueta's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has reviewed the materials filed in support of and in opposition to the petition, the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the petition as moot.

This petition was filed on September 29, 2026, while Petitioner was in custody at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. *See* Dkt. # 1 at 7. On the afternoon of October 14, 2026, Respondents voluntarily released Petitioner from custody. *See* Dkt. ## 6 at 1; 7 at 2; 8 at 3. Later that same day, Respondents filed their Response, arguing that the Court should deny the habeas petition as moot because Petitioner is no longer in custody. *See generally* Dkt. # 6. In reply, Petitioner contends that the petition should not be denied as moot because "she reasonably fears that Respondents will unlawfully re-arrest her absent

permanent injunctive relief from this Court[.]" Dkt. # 8 at 1. And she requests that the Court apply the voluntary cessation doctrine, adjudicate the petition on the merits, and "permanently enjoin Respondents from unlawfully and unconstitutionally re-arresting [her] without a pre-deprivation hearing before a neutral adjudicator at which Respondents establish, by clear and convincing evidence, that [her] re-arrest is warranted." *Id.* at 3–6.

But such injunctive relief, while common in this District, was not actually requested in the petition. *See generally* Dkt. # 1. And the Court finds that the relief requested in the petition has either been provided by her voluntary release or is not addressed at all in the Reply. *See id.*;[1] *see also* Dkt. # 8. Thus, unlike the habeas cases cited in the Reply, here, the petition "raised claims that were fully resolved by release from custody" and there are no "collateral consequences that are redressable by success on [the] original petition" identified in the Reply. *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007).[2] There is therefore no "extant controversy" for the Court to act on, and so it must deny the petition as moot. *See id.*

The Court notes, however, that nothing in this Order should be read to authorize Respondents to re-detain Petitioner in violation of her due process rights under the U.S. Constitution. Likewise, nothing in this Order should be read to preclude Petitioner from receiving any relief that she is entitled to due to her membership in any certified class, including

---

[1] As stated in the petition's "Prayer for Relief" section, "the Petitioner prays that this Court grant the following relief: (1) Assume jurisdiction over this matter; (2) Order the immediate release of Petitioner from custody upon a finding that her detention violates her due process rights; (3) Order the immediate release of Petitioner from custody on any other basis that this Court finds proper; (4) In the alternative, order a bond hearing be held before this Court within seven days, at which Respondents must prove, by clear and convincing evidence, that Petitioner is a current danger and flight risk; (5) Order that, when Petitioner is released, under no supervision conditions, as none existed prior to her arrest, all of her property and documents are returned to her at the time of her release; and that her work permit continue to be valid for the duration of its original validity period; (6) Award Petitioner reasonable costs and attorney fees; and (7) Grant such further relief as the Court deems just and proper." Dkt. # 1 at 40–41.

[2] For the sake of clarity, and contrary to Respondents' position, the Court notes that the petition is *not* mooted simply because Petitioner has been released from custody; it is mooted because there is no outstanding request for permanent injunctive relief from the petition.

the *ICWC* class. *See Immigr. Ctr. for Women & Child. (ICWC) v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026).

Dated this 23rd day of October, 2026.

John H. Chun
United States District Judge